IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Plaintiff,                               No. CIV 2:12-cv-0722-WBS-JFM

  vs.

RONALD LEE BREKKE,                     <u>ORDER AND</u>

      Defendant.                           <u>FINDINGS & RECOMMENDATIONS</u>

                                /

        Before the court is plaintiff United States of America's May 23, 2012 motion for default judgment, requesting nullification and enjoinment of defendant's lien filings.[1] The court has determined that the matter shall be submitted upon the record and briefs on file and accordingly, the date for hearing of this matter shall be vacated. Local Rule 230. On review of the motion and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

/////

/////

/////

/////

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1).

1

FACTUAL ALLEGATIONS[1]

A.  False Liens Filed in 2006

On May 29, 2006, defendant Ronald Brekke ("Brekke") filed with the Secretary of State for the State of California a Uniform Commercial Code ("UCC") Financing Statement, Filing Number 06-7071802849, falsely describing Internal Revenue Service ("IRS") employees Susan Meredith, L. Alvarado, P. Rogers, B. Adams and M. Brown[2] as debtors. Compl. ¶ 5; Ex. 1. Each of these individuals had positions in Collections with the IRS such that their names appeared on certain collection notices. Compl. ¶ 12. This UCC Financing Statement also listed Tom Daly, Orange County Clerk Recorder, as a debtor. Id. ¶ 7.

On June 22, 2006, Brekke filed a second UCC Financing Statement, Filing Number 06-70748875, falsely describing IRS employee P. Rogers as a debtor. Compl. ¶ 8; Ex. 2.

On June 22, 2006, Brekke filed his third, fourth and fifth UCC Financing Statements, Filing Numbers 06-70748915, 06-70748919 and 06-70748921, respectively. Compl. ¶ 9-11; Exs. 3-5. In these UCC Financing Statements, Brekke against falsely described M. Brown, L. Alvarado and B. Adams as debtors. Id.

B.  False Lien Against Jeffrey Holm

On May 17, 2011, Brekke filed with the Secretary of State for the State of California a UCC Financing Statement, Filing Number 11-7270039686, falsely describing IRS employee Jeffrey Holm as a debtor. Compl. ¶ 14; Ex. 6. At all times relevant to this action, Holm was an Asset Forfeiture Coordinator for the IRS. Id. ¶ 15.

/////

---

[1] These background facts are taken from plaintiff's complaint and the affidavits submitted in support of plaintiff's application for default judgment. Doc. Nos. 1, 7.

[2] M. Brown is a pseudonym used by an IRS employee acting in his official capacity; this pseudonym is used for privacy and safety reasons. Compl. ¶ 6.

C.      Conspiracy to Defraud the IRS

On April 15, 2011, the United States District Court for the Western District of Washington issued a civil forfeiture warrant to seize $291,064.60 in U.S. Currency from a Paypal Account in the name of Ronald Brekke.  United States v. $291,064.60 in US Currency, No. 11-cv-0642 (W.D. Wash.), Doc. No. 3.  Compl. ¶ 16.

On May 3, 2011, the IRS seized $291,064.60 from a Paypal account maintained by Brekke pursuant to the civil forfeiture warrant issued on April 15, 2011.  Holm assisted in the execution of that warrant.  Compl. ¶ 17.

On March 15, 2012, Brekke was found guilty of conspiring to defraud the IRS by recruiting individuals and assisting them in preparing and filing false and fraudulent federal income tax returns.  United States v. Brekke, No. 2:10-cr-0328 (W.D. Wash.).  Compl. ¶ 18.

On March 15, 2012, a jury found that the $291,064.60 in funds seized from the Paypal account in Brekke's name were funds derived from proceeds traceable to the conspiracy of which Brekke was found guilty.  United States v. Brekke, No. 2:10-cr-0328 (W.D. Wash.), Doc. No. 215.  Compl. ¶ 19.

PROCEDURAL BACKGROUND

In the operative complaint filed March 22, 2012, plaintiff alleges the UCC Financing Statements described above were filed by Brekke in retaliation for the acts performed by the employees of the IRS as part of their official duties.  The liens total at least $240 million and purport to encumber the real and personal property of Susan Meredith, L. Alvarado, P. Rogers, M. Brown, and Jeffrey Holm.  Plaintiff alleges these liens were intended to cause substantial interference with the enforcement of the laws of the United States pertaining to the internal revenue and to molest, hinder, intimidate or impede employees of the United States in the good faith performance of their official duties.

Plaintiff asks the court to (a) determine, adjudge, and declare the UCC Financing Statements described above to be null, void, and of no legal effect; (b) expunge and remove any

1  record of the UCC Financing Statements described above from the official records of the
2  Secretary of State for the State of California; (c) grant leave to file any Order or Judgment
3  obtained in the present case with the Secretary of State for the State of California, and in the
4  public records of any other jurisdiction where documents identical or similar to the UCC
5  Financing Statements described above that may have been filed by Brekke; and (d) permanently
6  enjoin Brekke, his agents, employees, and all others in active concert or participation with him
7  from filing, or attempting to file, any document or instrument which purports to create any
8  nonconsensual lien or encumbrance against the person or property of any employee of the United
9  States.

10  On April 12, 2012, a King County Sheriff's Officer in the State of Washington
11  personally served Brekke with a copy of the complaint and the exhibits attached thereto. See
12  Doc. No. 4.  At the time of service, Brekke was housed at the Federal Detention Center in
13  Seattle, Washington.  Id.

14  On May 15, 2012, plaintiff moved for default judgment.  On May 16, 2012, a
15  Notice of Default was entered as to Brekke.  On May 23, 2012, plaintiff filed the instant motion
16  for default judgment.  As with the complaint, the motion seeks a judgment declaring the UCC
17  Financing Statements at issue in this litigation be declared null, void, and without legal effect.
18  Plaintiff further seeks injunctive relief enjoining defendants from filing similar non-consensual
19  liens in the future against employees of the United States.

## LEGAL STANDARD

21  A court has the discretion to enter a default judgment against one who is not an
22  infant, incompetent, or member of the armed services where the claim is for an amount that is
23  not certain on the face of the claim and where (1) the defendant has been served with the claim;
24  (2) the defendant's default has been entered for failure to appear; (3) if the defendant has
25  appeared in the action, the defendant has been served with written notice of the application for
26  judgment at least three days before the hearing on the application; and, (4) the court has

undertaken any necessary and proper investigation or hearing in order to enter judgment or carry it into effect. Fed. R. Civ. P. 55(b); Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988). Factors that may be considered by courts in exercising discretion as to the entry of a default judgment and as to setting aside a default include the nature and extent of the delay, Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); the possibility of prejudice to the plaintiff, Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986); the merits of plaintiff's substantive claim, id.; the sufficiency of the allegations in the complaint to support judgment, Alan Neuman Productions, Inc., 862 F.2d at 1392; the amount in controversy, Eitel v. McCool, 782 F.2d at 1471-72; the possibility of a dispute concerning material facts, id.; whether the default was due to excusable neglect, id.; and, the strong policy underlying the Federal Rules of Civil Procedure that favors decisions on the merits, id.

## ANALYSIS

1.  Factor One: Possibility of Prejudice to Plaintiff

The first factor set forth by the Ninth Circuit in Eitel considers whether the plaintiff would suffer prejudice if default judgment is not entered, and whether such potential prejudice to the plaintiff militates in favor of granting a default judgment. See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, plaintiff would potentially face prejudice if the court did not enter a default judgment. Absent entry of a default judgment, plaintiff would be without another recourse for recovery and the individuals named in Brekke's UCC Financial Statements would continue to suffer personal harm by the filing of false liens against their real and personal property. Accordingly, the first Eitel factor favors the entry of default judgment.

B.  Factors Two and Three: The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint

The undersigned considers the merits of plaintiff's substantive claims and the sufficiency of the complaint together below because of the relatedness of the two inquiries. The

5

1  undersigned must consider whether the allegations in the complaint are sufficient to state a claim
2  that supports the relief sought.  See Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978);
3  PepsiCo, Inc., 238 F. Supp. 2d at 1175.
4       Here, the following facts establish plaintiff is entitled to the relief sought.  Under
5  26 U.S.C. § 7402(a), the district court is empowered "to void common-law liens imposed by
6  taxpayers on the property of government official assigned to collect delinquent taxes."  Ryan v.
7  Bilby, 764 F.2d 1325, 1327 (9th Cir. 1985).  Injunctive relief enjoining the taxpayer from filing
8  such liens in the future is also appropriate.  Id.  The exhibits attached to the Complaint clearly
9  show that Brekke filed UCC Financing statements with the Secretary of State for the State of
10 California against multiple officers of the United States.  Facts presented in the Declaration of
11 Jeff Holm also demonstrate that he, as an officer of the United States, has no relationship with
12 Brekke that would give rise to a legitimate notice of lien.  It is therefore readily apparent that the
13 lien is frivolous. Moreover, it clearly appears that the lien was filed solely to retaliate against the
14 IRS officers for their good- faith efforts to enforce the tax laws against Brekke.  Plaintiff has
15 demonstrated that the entry of the requested injunction is necessary and appropriate to the
16 enforcement of the internal revenue laws. 26 U.S.C. § 7402(a).
17      In addition, plaintiff has demonstrated that continued filings of frivolous liens
18 against its officers would cause it irreparable harm, because federal officers who face personal
19 reprisal through encumbrance of their property and damage to their credit record may be unable
20 to enforce the internal revenue laws vigorously and evenhandedly.  Furthermore, plaintiff has
21 demonstrated that it has no adequate remedy at law with respect to future frivolous lien filings,
22 because it would suffer the irreparable harm described above during the time in which it would
23 be required to apply to a court to have the lien filings stricken.  The equities weigh in favor of
24 plaintiff because Brekke has no basis for filing nonconsensual liens against federal officers.  An
25 injunction is also in the public interest because it will help ensure that federal officers can apply
26 /////

the internal revenue laws free of retaliation and harassment by defendants. In the circumstances presented here, the second and third factors weigh heavily in favor of default judgment.

C.      Factor Four: The Sum of Money at Stake in the Action

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177. Here, plaintiff seeks no monetary damages and accordingly this factor does not weigh against entry of default judgment.

D.      Factor Five: The Possibility of a Dispute Concerning Material Facts

The facts of this case are relatively straightforward, and plaintiff has provided the court with well-pleaded allegations supporting its claims and affidavits in support of its allegations. Here, the court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default and, thus, there is no likelihood that any genuine issue of material fact exists. See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177.

E.      Factor Six: Whether the Default Was Due to Excusable Neglect

Upon review of the record before the court, the undersigned finds that the default was not the result of excusable neglect. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Brekke was personally served at the Federal Detention Center in Seattle, Washington. Over three months have passed since Brekke was served with summons and he has made no attempt to appear in this action. Moreover, plaintiff served defendant by mail with notice of its motion for default judgment. Despite ample notice of this lawsuit and plaintiff's intention to seek a default judgment, Brekke has not appeared in this action to date. Thus, the record suggests that

/////

Brekke has chosen not to defend this action, and not that the default resulted from any excusable neglect. Accordingly, this Eitel factor favors the entry of a default judgment.

F. Factor Seven: The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 2010 WL 807446, at *16 (N.D. Cal. Mar. 5, 2010); ACS Recovery Servs., Inc. v. Kaplan, 2010 WL 144816, at *7 (N.D. Cal. Jan. 11, 2010) (unpublished); Hartung v. J.D. Byrider, Inc., 2009 WL 1876690, at *5 (E.D. Cal. June 26, 2009) (unpublished). Accordingly, although the undersigned is cognizant of the policy in favor of decisions on the merits—and consistent with existing policy would prefer that this case be resolved on the merits—that policy does not, by itself, preclude the entry of default judgment.

Upon consideration of the Eitel factors, the undersigned concludes that entry of default judgment against Brekke is appropriate. In particular, plaintiff is entitled to the injunctive relief sought in that plaintiff has demonstrated the probability of success on the merits, plaintiff will suffer irreparable harm in the absence of injunctive relief, the balance of equities weighs in favor of plaintiff, and the injunctive relief sought is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008). The court has reviewed the proposed order submitted by plaintiff and approves the same as to substance and form.

Based on the foregoing, IT IS HEREBY ORDERED that the June 28, 2012 hearing on plaintiff's motion for default judgment is vacated; and

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment against Brekke be granted;

/////

2. The court declare that the UCC Financing Statements at issue are null, void, and without legal effect;

3. The court enjoin defendant from filing similar non-consensual liens in the future against employees of the United States.

4. The court enter the proposed order granting declaratory and injunctive relief, which is approved as to substance and form.

5. This action be closed.

These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen (14) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within seven (7) court days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 25, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;usa0722.mdj